UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1682 CAS (AGRx) | Date | March 8, 2010 |
|---|---|---|---|
| Title | EVELYN KATIGBAK v. INDYMAC BANK; QUALITY LOAN SERVICE CORP. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(Chambers:) Order Denying Plaintiff's Ex Parte Application for Temporary Restraining Order** (filed 3/8/10) **&**

**Order to Show Cause Why the Instant Action Should Not Be Dismissed for Lack of Subject Matter Jurisdiction**

On March 8, 2010, plaintiff filed the instant action alleging state claims arising out of the non-judicial foreclosure of plaintiff's property located at 795 Colusa Drive, Walnut, California. Plaintiff alleges that she is a resident of the county of Los Angeles and that both defendants are citizens of California. Accordingly, on the face of the complaint it appears that plaintiff makes no claims that arise under federal law, for purposes of 28 U.S.C. § 1331, or that there exists complete diversity between the parties, under 28 U.S.C. § 1332(a)(1).[1] Having reviewed plaintiff's complaint and her ex parte

---

[1] The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1682 CAS (AGRx) | Date | March 8, 2010 |
|---|---|---|---|
| Title | EVELYN KATIGBAK v. INDYMAC BANK; QUALITY LOAN SERVICE CORP. | | |

application to temporarily restrain the Trustee Sale of plaintiff's home scheduled for March 9, 2010, the Court finds that there is no basis for the Court to exercise jurisdiction over the instant matter, and thus denies without prejudice plaintiff's ex parte application for temporary restraining order.

Further, plaintiff is hereby ORDERED to SHOW CAUSE in writing on or before March 23, 2010 why the instant action should not be dismissed for lack of subject matter jurisdiction. In accordance with Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7.15, oral argument shall not be heard in the above matter unless so ordered by the Court. The Order to Show Cause will stand submitted upon the filing of a brief.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |

---

Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. <u>Matheson v. Progressive Speciality Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003); <u>see</u> 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1).